OPINION
JULIA SMITH GIBBONS, Circuit Judge.
Our opinion of July 21, 2015 disposed of the substance of Pamela Liggett’s claim for treble damages and attorney’s fees, as well as her appeal of the amount of her claim. In re Schwartz, Nos. 14-1433, 14-1435, 14-1436, 2015 WL 4478033, at *4-6 (6th Cir. July 21, 2015). We directed the parties, however, to file supplemental briefing addressing the impact of a remand on the confirmation issue and whether the confirmation issue appeal should be dismissed as moot in light of our finding that Liggett’s claim was impaired and the fact that Schwartz had already paid her the full face value of her claim as required by the Chapter 11 plan (the “Plan”). Id. at *7. For the reasons stated herein, we find that the confirmation issue is moot, and accordingly, we dismiss the appeal.
I.
We will not repeat the tortured procedural history before the bankruptcy court, the district court, and this court. See id. at *1-4. Of import to the sole remaining issue is our previous finding that because Schwartz’s failure to pay one-half the value of an individual retirement account (“IRA”) to Liggett was mere breach of contract, and not conversion of Liggett’s property, she is not entitled to treble damages or attorney’s fees. Id. at *5. We *675 further held that the bankruptcy court did not clearly err in its calculation of the amount of Schwartz’s nondischargeable debt to Liggett. Id. at *6. Lastly, we held that the bankruptcy court erred in finding that Liggett was an “unimpaired” creditor pursuant to the Plan, and therefore she had the right to vote against the plan and thereby preclude confirmation pursuant to 11 U.S.C. § 1129(a)(8). In re Schwartz, 2015 WL 4478033, at *1. The only matter that we did not resolve in our previous opinion is the impact of a remand of the confirmation issue and whether the confirmation issue appeal should be dismissed as moot, as “it appears that a redo of the confirmation process would be pointless.” Id. at *7.[1] Both parties submitted supplemental filings on- the confirmation issue.
II.
“The equitable mootness doctrine is applied in appeals from bankruptcy confirmations in order to protect parties relying upon the successful confirmation of a bankruptcy plan from a drastic change after appeal.” In re United Producers, Inc., 526 F.3d 942, 947 (6th Cir.2008). “[A] plan of reorganization, once implemented, should be disturbed only for compelling reasons.” City of Covington v. Covington Landing Ltd. P’ship, 71 F.3d 1221, 1225 (6th Cir.1995) (citation omitted). “In bankruptcy proceedings, a case that is equitably moot is not technically moot, but rather equitable mootness occurs where the plan of reorganization is substantially consummated, and where it is no longer prudent to upset the plan of reorganization.” In re Am. HomePatient, Inc., 420 F.3d 559, 563 (6th Cir.2005) (citations omitted) (internal quotation marks omitted). More specifically, this Circuit adopted the doctrine of equitable mootness in In re American HomePatient, in which we stated a three-part test for determining whether an appeal from the confirmation of a bankruptcy plan should be dismissed as equitably moot. Id. at 563-64. In determining whether to dismiss an appeal as equitably moot, we must weigh the following factors: “(1) whether a stay has been obtained; (2) whether the plan has been ‘substantially consummated’; and (3) whether the relief requested would affect either the rights of parties not before the court or the success of the plan.” Id. at 563 (citations omitted).
Although Liggett correctly states the first factor to consider as whether a stay has been obtained, she does not discuss, let alone mention, whether and why she did not pursue a stay of the confirmation order in this court. Likewise, Schwartz fails to even mention the. first factor and whether Liggett pursued a stay. “The failure to' seek a stay, however, is not necessarily fatal to the appellant’s ability to proceed.” City of Covington, 71 F.3d at 1225-26. As was the case in American HomePatient, “while this first factor weighs somewhat against the lenders, their failure to seek a stay before this court is not fatal.” 420 F.3d at 564.
The next factor is whether the plan has been substantially consummated. Liggett asserts, without support or explanation, that “Schwartz’ [sic] Plan has not been *676 substantially consummated.” Appellant Supplemental Br. at 13. She later argues that the Plan is not substantially consummated because Schwartz continues to make payments to other creditors. Schwartz, however, contends that the plan has been substantially consummated, as “[creditor claims have been substantially paid down, or have already been paid in full by the debtor in possession.” Appellee Supplemental Br. at 9. Schwartz further notes that “Liggett and the Internal Revenue Service have received one hundred percent of their claims as allowed by the Bankruptcy Court, in accordance with the claims process.” Id. at 9-10.
The Bankruptcy Code defines “substantial consummation” as follows:
(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan.
11 U.S.C. § 1101(2). Schwartz’s plan was confirmed on November 5, 2012, and payments commenced within sixty days of confirmation, meaning claims have been paid for more than three years. Moreover, Liggett has been paid the full face value of her claim. Given that “substantial consummation” in no way requires that all creditors be satisfied, and based on these facts, the second factor weighs against Liggett.
Turning to what has been described as the “most important factor,” we must consider the rights of parties not before the court and the success of the plan. Am. HomePatient, 420 F.3d at 564. Liggett asserts that she “can easily be afforded relief without affecting the rights of third parties under the Plan or jeopardizing the success of the Plan.” Appellant Supplemental Br. at 13. Liggett cites 11 U.S.C. § 1127(b) and (e) for the proposition that “Schwartz is free to modify his Plan at any time before full payment is made to all creditors in order to provide Liggett with interest on her claim at á fair market rate.” Appellant Supplemental Br. at 14. Schwartz argues to the contrary, asserting, “It would be an unduly burdensome process to attempt to re-collect all payments made to all creditors, including those unsecured creditors who voted in favor of accepting Schwartz’s plan.” Ap-pellee Supplemental Br. at 10.[2]
As urged by Liggett, we begin with the text of 11 U.S.C. § 1127:
(b) The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title. .
(e) If the debtor is an individual, the plan may be modified at any time after confirmation of the plan but before the completion of payments under the plan, *677 whether or not the plan has been substantially consummated, upon request of the debtor, the trustee, the United States trustee, or the holder of an allowed unsecured claim, to—
(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
(2) extend or reduce the time period for such payments; or
(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim made other than under the plan.
Id. § 1127(b), (e). We have already determined that the Plan has been substantially consummated, and therefore, subsection (b) is not applicable. As to subsection (e), Liggett’s argument fails. There can be no increasing or reducing payments to Lig-gett, or extending or reducing the time period for such payments, since her claim has been fully paid and we have affirmed the amount of her claim. What Liggett seeks is the addition of interest on the claim of which Schwartz has already paid the full face value, and the plain language of § 1127(e) does not provide for such a change without unraveling the confirmation plan.
In our July 21, 2015 opinion, we determined that Liggett’s claim is impaired. As such, pursuant to 11 U.S.C. § 1129(a)(8)(A), she had the right to vote against the Plan and thereby preclude confirmation. But because the bankruptcy court erroneously held that Liggett’s claim was unimpaired, the confirmation plan was approved on November 5, 2012, without her approval or dissent. Since that time, more than three years ago, the Plan has been substantially consummated: Schwartz has paid Liggett the full face value of her claim and he has made payments to his other creditors. If we were to remand the case at this juncture, then we would risk procedural problems for the third parties not present here.
III.
For the reasons discussed above, we find that Liggett’s sole remaining claim as to confirmation is moot, and therefore, we dismiss the appeal.

. Contraiy to Liggett's contentions that "she will ultimately be found to hold a valid statutory conversion claim entitling her to treble damages and attorney fees,” and that "[t]he merit of Liggett’s appeals of the Claims Order and Dismissal Order have yet to be finally resolved,” Appellant Supplemental Br. at 9, we have already denied her treble damages and attorney’s fees and affirmed the amount of her claim for actual damages. In re Schwartz, 2015 WL 4478033, at *5-6. The only issue left for us to resolve is the impact of our conclusion that Liggett’s claim is impaired by the Chapter 11 plan approved by the bankruptcy court. Id. at *7.

. Schwartz goes beyond the factors as set forth in American HomePatient. He argues that the court should consider the judicial resources that would be wasted on a remand as well as the mounting attorney’s fees that would result from a remand. Although we decline to adjust the factors as set forth in American HomePatient, we are mindful of the additional considerations present in this case.